# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

———————————————————

Johnny S. Fields,
      Petitioner,

    vs.
                            Case No. 1:03cv605
                            (Weber, Sr. J.; Black, M.J.)

Pat Hurley,
      Respondent.

———————————————————

## REPORT AND RECOMMENDATION

———————————————————

Petitioner, an inmate in state custody at Ross Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's Return of Writ, and petitioner's response. (Docs. 1, 3, 5).

## Procedural Background

The 2001 term of the Hamilton County, Ohio, grand jury indicted petitioner on one count of aggravated robbery as defined in Ohio Rev. Code § 2911.01(A)(1) (count one), with a firearm specification, and one count of robbery as defined in Ohio Rev. Code § 2911.02(A)(2) (count two), one count of tampering with evidence as defined in Ohio Rev. Code § 2921.12(A)(1) (count three), and one count of resisting arrest as defined in Ohio Rev. Code § 2921.33(A) (count four). (Doc. 3, Ex. A). On October 16, 2001, a jury found petitioner guilty of all charges. (*Id.,* Ex. B). Merging the robbery count as an allied offense, the trial judge sentenced petitioner to consecutive terms of three years on count one, with an additional three years mandatory incarceration for the firearm specifications, and one year on count three, and ninety days on count four running concurrently with the sentences on counts one and three. (*Id.,* Ex. D)

On October 25, 2001, petitioner filed a *pro se* notice of appeal.  (*Id.,* Ex. G). Once the trial court appointed counsel, appellate counsel filed a second notice of appeal on November 14, 2001.  (Doc. 3 at 2)

Petitioner raised the following assignments of error:

1.  The trial court erred to the prejudice of Fields by allowing state's witnesses to refer to him as appearing in jailhouse uniform.

2.  The trial court erred to the prejudice of Fields by proceeding to trial on the basis of a defective indictment.

3.  Fields' due process rights were prejudiced and he was denied the effective assistance of counsel in (1) failing to object to numerous evidentiary errors during trial, (2) failing to conduct any meaningful cross examination of state's witnesses, (3) failing to request appointment of eyewitness experts for testimony and failure to request specific jury instructions for eyewitness identification, (4) failure to renew Field's Criminal Rule 29 motion for acquittal at conclusion of defense case, (5) failing to object to the state's improper closing argument, and (6) failing to request a polling of the jury.

4.  The trial court erred to the prejudice of Fields by permitting the prosecution to make a prejudicial closing argument to the jury which deprived him of his right to a fair trial.

5.  The trial court erred to Field's [sic]  prejudice by entering a judgment entry of conviction regarding the alleged underlying offenses and gun specification which was against the manifest weight of the evidence.

6.  The trial court erred to Fields' prejudice by imposing a consecutive sentence for tampering with evidence when the record does not support it.

(*Id.*, Ex. J).

On August 30, 2002, the Ohio Court of Appeals affirmed the judgment of the

2

trial court.  (*Id.*, Ex. L).

On December 27, 2002, the Supreme Court of Ohio summarily denied petitioner's motion for a delayed appeal, filed on November 22, 2002.  (*Id.*, Exs. Q, R).

Next, petitioner initiated the instant federal habeas corpus action alleging six grounds for relief, stated as follows:

**Ground One:**  Petitioner's Due Process Rights were violated by faulty Indictment.

**Ground Two:**  Petitioner was denied a fair trial, by being forced to stand trial in jailhouse garbs.

**Ground Three:**  Petitioner was denied due process right in (6) six manners concerning the right to effective assistance of Counsel.

**Ground Four:**  The trial court erred to the prejudice of the petitioner by entering a judgment of conviction which was against the manifest weight of the evidence.

**Ground Five:**  The court erred to the prejudice of the petitioner by allowing and permitting the prosecution to make prejudicial closing arguments to the jury, which deprived defendant of his right to a fair trial.

**Ground Six:**  The court committed plain error to the prejudice of the defendant by imposing improper sentencing outside the S.B.2 guideline on multiple offense sentencing.

(Doc. 1 at 5).

## OPINION

### I.  Petitioner's Grounds For Relief Are Waived Due To A Procedural Default Committed In The State Courts.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement.  *See O'Sullivan v.  Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through to the state's highest court, or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open, or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief.  *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court, and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice."  *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is

4

actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.

To obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

In this case, petitioner committed a procedural default with respect to his grounds for relief by failing to file a timely appeal to the Supreme Court of Ohio. Although petitioner attempted to obtain a delayed appeal before that court, the Sixth Circuit held in an analogous case that the Supreme Court of Ohio's unexplained entry denying a motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. April 27, 2004) (*per curiam*), *petition for cert. filed* (U.S. June 30, 2004) (No. 04-6312). In so holding, the court reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.* (and unpublished Sixth Circuit cases cited therein).

As cause for his default, petitioner argues that he did not timely receive the decision of the Ohio Court of Appeals. (Doc. 5). The docket sheet indicates that the decision was issued on August 30, 2002, and that notice was sent to the parties on September 4, 2002. (Doc. 5, Ex. M). Petitioner asserts that he did not receive the decision until September 18, 2002, nineteen days after the judgment entry. (Doc. 5 at 2). He further argues that shortening his forty-five day appeal period by those nineteen days impeded his ability to timely file his notice of appeal. (*Id.*). Although petitioner frames his argument as a failure to receive prompt notice of the judgment, presumably it was his appellate counsel who failed immediately to provide him with a copy of the Ohio Court of Appeals' decision.

Ineffective assistance of appellate counsel may constitute cause for a

procedural default. *Murray,* 477 U.S. at 488. However, the constitutional right to have counsel appointed extends to the first appeal of right, and not to a discretionary appeal on direct review of a conviction. *Pennsylvania v. Finley,* 481 U.S. 551 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974).

Petitioner's appeal to the Supreme Court of Ohio is a discretionary appeal which the Supreme Court of Ohio may allow or disallow. Rule II, Section 1(A)(3) of the Rules of Practice of the Supreme Court of Ohio. Therefore, petitioner does not have a constitutional right to the assistance of counsel during that appeal. Since there is no constitutional right to counsel on appeal to the Supreme Court of Ohio, there is no constitutional right to the effective assistance of counsel during that proceeding. *Cf. Coleman,* 501 U.S. at 752; *Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982). For this reason, counsel's failure to notify petitioner timely of the adverse decision of the Ohio Court of Appeals cannot constitute cause excusing petitioner's procedural default. *See Smith v. Ohio Dept. of Rehabilitation and Correction,* 331 F.Supp.2d 605, 619-620 (N.D. Ohio Aug. 26, 2004); *cf. Coleman,* 501 U.S. at 757; *Hernandez v. Terhune,* 27 Fed.Appx 841, 843, 2001 WL 1480671, at *1 (9th Cir. Nov. 20, 2001), *cert. denied,* 536 U.S. 924 (2002); *Riggins v. Turner,* No. 95-4027, 1997 WL 144214, at **2 (6th Cir. March 27, 1997); *Turner v. Farley,* No. 93-3821, 1995 WL 251003, at **3 (7th Cir. April 28, 1995).

Moreover, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not addressed on the merits by this Court. Petitioner has not shown that he is actually innocent of the crimes of which he was convicted.

Accordingly, the undersigned concludes that petitioner is not entitled to habeas corpus relief because he has waived his grounds for relief due to his procedural default in failing to file a timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' decision.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to petitioner's petition  because "jurists of reason would not find it debatable as to whether this Court is correct  in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[1]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:      12/30/05                                   s/Timothy S. Black
       hr                                         Timothy S. Black
                                            United States Magistrate Judge

K:\ROSENBEH\2254(2005)\03-605waivbonilla.wpd

---

[1] Because undersigned finds that the first prong of the *Slack* standard has not been met in this case, there is no need to address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition.  *See Slack*, 529 U.S. at 484.

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Johnny S. Fields,
     Petitioner,

    vs.                        Case No. 1:03cv605
                                      (Weber, Sr. J.; Black, M.J.)

Pat Hurley,
     Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).